Leland K. Faux, Esq.
Idaho Bar No. 10246
LELAND FAUX, ESQ. PLLC
381 Shoup Ave, Ste 214
Idaho Falls, Idaho 83402
T: (208) 497-2214
Leland@LelandFaux.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN CASTILLO,<br><br>        Plaintiff,<br><br>vs.<br><br>TRUST FINANCIAL, LLC, a foreign limited liability company; DOES I – X, inclusive;<br><br>        Defendants, | Case No.: 4:20-cv-126<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Jonathan Castillo, by and through the undersigned counsel, alleges and complains as follows:

## PARTIES

1.   Plaintiff Jonathan Castillo is a resident of Bonneville County, Idaho.

2.   Defendant TRUST FINANCIAL, LLC is a Wyoming limited liability company who, at all times relevant to this action, has engaged in trade and commerce as a debt collector in Idaho, including in Bonneville County.

3.   The true names and capacities of Defendants I through X, inclusive, ("Doe Defendants") are unknown to Mr. Castillo who therefore sues said Doe Defendants by such fictitious names. Mr. Castillo is informed and believes and thereon alleges that each of the Doe Defendants may be legally responsible in some manner for the events and

COMPLAINT - 1

happenings referenced in this Complaint. Mr. Castillo will seek leave of the Court to amend this Complaint to insert the true names and capacities of such Doe Defendants upon ascertaining the identity of such Doe Defendants.

## JURISDICTION AND VENUE

4. This case arises under the FDCPA, 15 U.S.C. § 1692 *et seq*.

5. Jurisdiction of this matter is granted to this court by U.S.C. §§ 1331 (federal question jurisdiction) and this court has supplemental jurisdiction over the related Idaho state law matters under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in Bonneville County, Idaho, which is within the federal district.

## GENERAL ALLEGATIONS

7. On April 24, 2019, Trust Financial sent a collection letter in its own name to Mr. Castillo for an alleged debt claimed by Sports Academy Management, LLC dba Apple Athletic Club ("Apple Athletic"), a Utah limited liability company doing business in Bonneville County, Idaho as a fitness facility.

8. This letter failed to provide the validation of debt notice required by the FDCPA.

9. Mr. Castillo also did not receive the validation of debt notice within 5 days of Trust Financial's first contact with him, which first contact occurred on April 24, 2019.

10. This letter also provided false information regarding the amount owed on Mr. Castillo's account.

COMPLAINT - 2

11. Specifically, as of the date of this collection letter, Apple Athletics' records show an account balance of $100.42, yet Trust Financial demanded $130.63.

12. Trust Financial also threatened to take collection action, including legal action, to collect a total amount of $703.52 if Mr. Castillo did not make arrangements to pay the $130.63 within contradicting deadlines of 7 days of the letter (which would be May 1, 2019), by April 30, 2019, or by April 16, 2019.

13. This threat including misleading and deceptive deadlines because Trust Financial represented that it would take this action if Mr. Castillo did not comply.

14. Moreover, this threat of compliance overshadowed Mr. Castillo's right to verification of the debt.

15. Trust Financial's conduct and contradiction could confuse or mislead the least sophisticated consumer into disregarding or losing rights under the validation notice and could make the consumer uncertain of his rights.

16. Mr. Castillo was surprised and distressed by Trust Financial's demand for payment. He was not aware that he could demand a verification of the debt.

17. Meanwhile, Apple Athletic continued charging dues and eventually accelerated the membership dues. In total, Apple Athletic charged 12 bi-weekly payments worth of dues for a total of $362.52.

18. In addition, Apple Athletic charged incidental fees, including a late fee of $10.00, insufficient fund fees of $45, and an "Enhancement Fee" of $41.34.

19. Finally, Apple Athletic added an "Administration Fee" of $183.54—which was an additional 40% of total accrued charges.

20. Neither the Enhancement Fee nor the Administration Fee are provided for in the terms of the contract.

21. As of May 6, 2019, Apple Athletic charged Mr. Castillo's account as follows:

| | |
|---|---|
| Membership Dues: | $362.52 |
| Incidental Fees: | $279.88 |
| TOTAL: | $642.40 |

22. On November 5, 2019, Trust Financial issued a written demand for collection and claimed a balance of $683.17.

23. Under the Idaho Collection Agency Act, Idaho Code 26-2221, et seq., (the "ICAA") a debt collector is not permitted to "collect or attempt to collect any interest or other charges, fees, or expenses incidental to the principal obligation" unless certain exceptions apply.

24. The ICAA places an affirmative duty on debt collectors to ensure they are only collecting or attempting to collect debts and charges that are permitted under the ICAA.

25. The amount Trust Financial attempted to collect included the principal membership fees and also included charges that were incidental to that principal obligation, including the late fees, the enhancement fee, and the 40% administration fee.

26. No ICAA exception applied to these incidental charges.

27. At the time Trust Financial attempted to collect these incidental charges, it had actual knowledge that these incidental charges, including the 40% "administration fee," are hidden in the principal demand.

28. Based on information and belief, Trust Financial has engaged in an intentional scheme to skirt around the consumer protections intended under the ICAA by hiding incidental charges in the principal balance.

29. Based on information and belief, Trust Financial has engaged in this deceptive business scheme to profit from the unsuspecting public on numerous and repeated occasions. This is done by inflating the amount of the debt so that people will be forced or coerced to pay more in court or settle for more outside of court.

30. This conduct is deceptive, misleading, oppressive, fraudulent, malicious, and outrageous.

31. Based on the above, the parties are hereby notified that Mr. Castillo may, after further investigation of the issues, move to amend to assert a claim as class representatives for similarly situated individuals and/or to assert a prayer for punitive damages.

32. Based on information and belief, Trust Financial has made considerable profits by engaging in this conduct.

**FIRST CAUSE OF ACTION**
**Violation of the FDPCA (15 USC § 1692 et seq.)**

33. Mr. Castillo repeats and realleges the foregoing paragraphs as though set forth fully herein.

34. Trust Financial is a debt collector within the meaning of the FDCPA.

35. Mr. Castillo is a consumer within the meaning of the FDCPA.

36. Defendants violated the FDCPA in at least the following ways:

    a. Failing to provide a debt verification notice—1692g(a)(3), (4);

  b. Falsely representing the character, amount, or legal status of the alleged debt by misstating the amount owed and mischaracterizing incidental charges as part of the principal balance--1692e(2)(A), (10).

  c. Failing to disclose in the initial written communication that it was attempting to collect a debt and that any information obtained will be used for that purpose--1692e(11);

  d. Attempting to collect amounts, including interest, fees, charges, and other incidental charges, that are not expressly authorized by the agreement or permitted by law—1692f(1).

  e. Making threats of legal action that were not intended to be taken—1692e(5).

37. Trust Financials' conduct, threats, and the wrongful inflation of the alleged debt caused Mr. Castillo actual damages in the form of significant emotional distress that resulted in physical symptoms such as loss of sleep, insomnia, loss of appetite, anxiety, and depression.

38. Mr. Castillo is entitled to statutory damages and his attorney's fees and costs associated with this cause of action.

39. Mr. Castillo has asserted this cause of action based on his good-faith belief that the violations asserted in this cause of action have occurred and that he is entitled to the relief requested. This action is not brought to harass Trust Financial.

///

///

///

## SECOND CAUSE OF ACTION
### Idaho Consumer Protection Act (ICPA), Idaho Code 48-601 et seq.

40. Mr. Castillo repeats and realleges the foregoing paragraphs as though set forth fully herein.

41. Trust Financial is a "Person" in "Trade" as defined by Idaho Code 48-602.

42. Trust Financial engaged in unfair and deceptive acts in violation of Idaho law in at least the following ways:

   a. Engaging in misleading, false, or deceptive conduct by collecting or attempting to collect unlawful, false, misleading, or deceptive charges;

   b. Violating the ICAA by collecting or attempting to collect unauthorized incidental charges and fees;

   c. Engaging in any unconscionable method, act or practice in the conduct of trade or commerce.

   d. Engaging in other deceptive acts which, due to their deceptive nature, have not been discovered by Mr. Castillo at this time. Mr. Castillo hereby places the parties on notice that this Complaint includes any such conduct.

43. Based on information and belief, Trust Financial has individually engaged in a pattern and practice of either encouraging its clients to skirt around the ICAA or turning a blind eye to the collection of incidental charges in violation of the ICAA at the expense of the unsuspecting public. This conduct is misleading, false, and deceptive.

44. As a result of Trust Financial's conduct, Mr. Castillo has suffered ascertainable loss within the meaning of Idaho Code 48-608.

45. Under Idaho Code 48-608(1), Mr. Castillo is entitled to treat the agreement as voidable or to recover his actual damages or $1,000, whichever is greater. In this case, Mr. Castello elects to void the agreement giving rise to the alleged debt and will seek actual damages only if the agreements are not so voided.

46. In addition, Mr. Castillo is entitled to seek and does seek an order enjoining Trust Financial from the employment of deceptive or unfair conduct and to any other relief as the court deems just and necessary, including declaratory relief.

47. The unlawful conduct of Trust Financial as demonstrated in this action has been a repetitive and routine practice of Trust Financial to the detriment of unsuspecting consumers in Idaho, including Mr. Castillo. This conduct has also been flagrant, oppressive, fraudulent, malicious, and outrageous. Trust Financial is hereby notified that punitive damages may be sought in this action to deter future like conduct.

48. Under Idaho Code 48-608(5), the Idaho legislature has mandated that Idaho courts "shall" award reasonable attorney's fees and costs to a prevailing consumer.

49. Mr. Castillo has asserted this cause of action based on his good-faith belief that the violations asserted in this cause of action have occurred and that he is entitled to the relief requested. This action is not brought to harass Trust Financial.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Castillo prays for the following relief:

1. For actual damages under the FDCPA;

2. For statutory damages under the FDCPA of $1,000;

3. For judgment against Trust Financial declaring the contract as void pursuant to Idaho Code 48-608 or, in the alternative, for actual damages, including general damages, or $1,000, whichever is greater.

4. For an order enjoining Trust Financial from engaging in conduct in violation of Idaho law;

5. For an award of Mr. Castillo' costs and reasonable attorneys' fees; and

6. For such other and further relief as the Court deems just and equitable.

DATED: March 9, 2020

/s/ Leland K. Faux
Leland K. Faux, Esq.
Idaho Bar No. 10246
*Attorney for Plaintiff*

**CLERK'S CERTIFICATE OF MAILING**

As mandated by Idaho Code 48-608(4), the clerk of the court mailed a copy of the foregoing COMPLAINT to the Idaho Attorney General for informational purposes only on _____ as follows:

Attorney General Lawrence G. Wasden
State of Idaho
Office of the Attorney General
P.O. Box 83720
Boise, Idaho 83720

☒ By mail
☐ By fax
☐ By personal delivery
☐ Overnight delivery/Fed Ex

_____
Court Clerk

COMPLAINT - 10