Larren K. Covert, Esq., Idaho Bar No. 7217
Wilkerson & Wilkerson
1534 Midway Ave.
Ammon, ID 83406
Telephone (208) 522-7550
larren@wilkersonlawgroup.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN CASTILLO,<br><br>  Plaintiff,<br><br>v.<br><br>TRUST FINANCIAL, LLC, a foreign limited company, DOES I-X. inclusive,<br><br>  Defendants. | Case No. 4:20-CV-126<br><br>ANSWER |

  COMES NOW Trust Financial, LLC, by and through Larren K. Covert, Esq. of Wilkerson & Wilkerson and answers the Complaint of the Plaintiff as follows:

**<u>AFFIRMATIVE DEFENSES</u>**

  I. Defendant reserves all defenses in the F.R.C.P. 12 and I.R.C.P. 12, including but not limited to lack of subject matter jurisdiction, insufficient service of process and failure to state a claim upon which relief can be granted.

  II. Plaintiff's claims barred by the doctrine of contributory and/or comparative negligence.

  III. Plaintiff's claims are barred by the doctrine of the assumption of risk.

  IV. Plaintiff's claims are barred by the Plaintiff's own conduct.

  V. Plaintiff's claims are barred by the doctrine of unclean hands.

VI. Plaintiff's claims are barred by an intervening cause.

VII. Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

VIII. Plaintiff's claims are barred by a lack of casual relationship.

IX. Plaintiff's claims are barred by the doctrine of good faith.

## SPECIFIC DEFENSES

1. A to paragraph 1, Defendant ADMITS the information.

2. As to paragraph 2, Defendant ADMITS the information.

3. As to paragraph 3, Defendant is without sufficient knowledge to admit or deny the information as presented, and therefore the information is DENIED.

4. As to paragraph 4, Defendant ADMITS this action alleges an action under the FDCPA, but DENIES that any such allegation is proper, has a factual basis, or is proper before this Court.

5. As to paragraph 5, Defendant Denies this information.

6. As to paragraph 6, Defendant states that if jurisdiction is proper, the venue is proper.

7. As to paragraph 7, Defendant DENIES the information.

8. As to paragraph 8, Defendant DENIES the information.

9. As to paragraph 9, Defendant DENIES the information.

10. As to paragraph 10, Defendant DENIES the information.

11. As to paragraph 11, Defendant DENIES the information.

12. As to paragraph 12, Defendant DENIES the information.

13. As to paragraph 13, Defendant DENIES the information.

14. As to paragraph 14, Defendant DENIES the information.

15. As to paragraph 15, Defendant DENIES the information.

16. As to paragraph 16, Defendant is without sufficient knowledge to admit or deny the information as presented, and therefore the information is DENIED.

17. As to paragraph 17, Defendant states that does not have knowledge of Apple Athletics' actions beyond the billing documents, and the billing documents speak for themselves. As to any additional or implied information in paragraph 17, Defendant DENIES any such information.

18. As to paragraph 18, Defendant states that does not have knowledge of Apple Athletics' actions beyond the billing documents, and the billing documents speak for themselves. As to any additional or implied information in paragraph 18, Defendant DENIES any such information.

19. As to paragraph 19, Defendant states that does not have knowledge of Apple Athletics' actions beyond the billing documents, and the billing documents speak for themselves. As to any additional or implied information in paragraph 19, Defendant DENIES any such information.

20. As to paragraph 20, Defendant states that does not have knowledge of Apple Athletics' actions beyond the stated contract, and the contract speaks for itself. As to any additional or implied information in paragraph 20, Defendant DENIES any such information.

21. As to paragraph 21, Defendant states that does not have knowledge of Apple Athletics' actions beyond the billing documents, and the billing documents speak for themselves. As to any additional or implied information in paragraph 21, Defendant DENIES any such information.

22. A to paragraph 22, Defendant Admits that it issued a written letter on November 5, 2019 to Leland Faux concerning Jonathan Castillo and showing a then "Balance Due: $683.17." Defendant DENIES the remainder of the information in paragraph 22.

23. As to paragraph 23, Defendant states that no response is necessary as it is a reference to Idaho Code § 26-2221.

24. As to paragraph 24, Defendant DENIES the information.

25. As to paragraph 25, Defendant DENIES the information.

26. As to paragraph 26, Defendant DENIES the information.

27. As to paragraph 27, Defendant DENIES the information.

28. As to paragraph 28, Defendant DENIES the information.

29. As to paragraph 29, Defendant DENIES the information.

30. As to paragraph 30, Defendant DENIES the information.

31. As to paragraph 31, Defendant states that no response is necessary. In as much as a response may be required, Defendant states that any such request should not be granted.

32. As to paragraph 32, Defendant DENIES the information.

33. As to paragraph 33, Defendant realleges the relative responses to the prior paragraphs fully herein.

34. As to paragraph 34, Defendant ADMITS the information.

35. As to paragraph 35, Defendant ADMITS the information.

36. As to paragraph 36, Defendant Denies the information and all subparts listed therein.

37. As to paragraph 37, Defendant DENIES the information.

38. As to paragraph 38, Defendant DENIES the information.

39. As to paragraph 39, Defendant DENIES the information.

40. As to paragraph 40, Defendant realleges the relative responses to the prior paragraphs fully herein.

41. As to paragraph 41, Defendant ADMITS the information.

42. As to paragraph 42, Defendant DENIES the information and all subparts listed therein.

43. As to paragraph 43, Defendant DENIES the information.

44. As to paragraph 44, Defendant DENIES the information.

45. As to paragraph 45, Defendant DENIES the information and that any such relief should be granted.

46. As to paragraph 46, Defendant DENIES the information and that any such relief should be granted.

47. As to paragraph 47, Defendant DENIES the information and that any such request should not be granted.

48. As to paragraph 48, Defendant states that no response is necessary but DENIES any such interpretation of the statute.

49. As to paragraph 49, Defendant DENIES the information.

50. As to the Prayer for Relief, Defendant DENIES that any such relief is just or proper and asserts that Plaintiff should take nothing in this matter.

Defendant thereby requests that this matter be dismissed and Defendant be awarded his attorney fees and costs pursuant to all applicable statutes and rules.

Dated: June 26, 2020

_____
LARREN K. COVERT. ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2020, I served a true and correct copy of the foregoing document on the following by the method of delivery indicated:

| | |
|---|---|
| Leland K. Faux<br>381 Shoup Ave, Ste. 214<br>Idaho Falls, ID 83402 | ☐ U.S. Mail, postage prepaid<br>☐ Designated courthouse box<br>☐ Hand-delivered<br>☐ Fax:<br>☒ Email/EM/ECF: leland@lelandfaux.com |

_____
LARREN K. COVERT, ESQ.
Attorneys for Defendant